Curran, Dennis J., J.
This collection case arises from a business line of credit. The defendant The Demarre Corporation has been defaulted and judgment has entered against it.
The plaintiff now proceeds against Mr. Demarre (the corporation’s principal) individually. At a Case Management Conference held on February 7, 2012, Mr. Demarre, appearing pro se, denied that he is liable for the debt because he claims that he never signed a personal or commercial guaranty for the business line of credit at issue. Accordingly, the Court set a deadline of March 30, 2012 for the plaintiff bank to produce “. . . any and all documents upon which it relies for the defendant Mr Demarre’s personal liability, including without limitation, any application for credit and any personal or commercial guarantees.”
The plaintiff responded by submitting a website-generated copy of the business application in which Mr. Demarre is listed as the principal of the corporation and in which Mr. Demarre appears to have ticked the box which states: “Do you agree with the Terms and Conditions [of the line of credit].” The plaintiff also *2 appended a document entitled “Swift Business Line of Credit Agreement Especially for Robert Demarre [and] The Demarre Corporation” which states that “You, both individually and on behalf of the Company, jointly and severally promise to pay us ... all loans, advances, [etc.] . . .” That, according to M&I Bank, should end the inquiry.
But Mr. Demarre argues that G.L.c. 259, Section 4 trumps the bank’s hand. That statute states:
No action shall be brought to charge a person upon or by reason of a representation or assurance made concerning the . . . credit, ability [ ] of any other person, unless such representation or assurance is made in writing and signed by the party to be charged thereby, or by some person thereunto by him lawfully authorized.
(Emphasis added.)
A hearing on a motion for summary judgment was initiated sua sponte. The parties were invited to submit any additional documentation of their respective positions at that hearing: neither party did so.
Thus, it devolves that no paper exists evidencing Mr. Demarre’s signature on any credit application or the like. That being so, after a hearing, this matter must be DISMISSED as to Mr. Demarre.
ORDER
For the foregoing reasons, the complaint as to Mr. Demarre is DISMISSED and judgment shall enter in his behalf forthwith.